UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MICHAEL WALKER,

                    Petitioner,

          - against -

SUPT. MARK ROYCE, Green Haven
Correctional Facility,

                   Respondent.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-2386 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

Petitioner Michael Walker, proceeding *pro se*, filed the instant petition for a writ of habeas corpus.  (*See generally* Petition ("Pet."), Dkt. 1.)  Special District Attorney Thomas A. Tormey, Jr. ("SDA Tormey") represented Respondent on behalf of the Richmond County District Attorney's ("DA") Office in the underlying state appeal (*see* Motion for an Extension of Time to File a Response ("Resp't's Ext. Mot."), Dkt. 5, at 1), and has appeared on Respondent's behalf in this habeas petition (*see* 7/15/2020 Docket Order; Notice of Appearance, Dkt. 6).  Petitioner seeks to disqualify SDA Tormey from this matter and requests that the New York Attorney General ("AG") be directed to  represent Respondent rather than  the  Richmond County DA's Office. (Petitioner's Motion for Disqualification ("Pet'r's Mot."), Dkt. 11, at ECF[1] 1, 3.)  For the reasons discussed below, Petitioner's motion for disqualification is denied.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

## BACKGROUND

### I.      Underlying Arrest and State Court Proceedings

Following an attempted armed robbery on February 2, 2013, Petitioner was indicted in the Richmond County Supreme Court on two counts of Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, Criminal Possession of a Weapon in the Fourth Degree, and two counts of Menacing a Police Officer. (Letter in Opposition to Petitioner's Request for Disqualification ("Resp't's Opp.") Ex. 7, Dkt. 12-7, ¶ 19.) Petitioner was arraigned on these charges on February 27, 2013. (*Id.* ¶ 20.) Due to his two prior convictions, Petitioner was eligible for sentencing as a persistent violent offender pursuant to New York Criminal Procedure Law § 400.16 and New York Penal Law §§ 70.02 and 70.04. (*Id.* Ex. 4, Dkt. 12-4, at 5:11–16; *see id.* Ex. 2, Dkt. 12-2, at 12:9–10.)

In the state court proceeding, Petitioner was represented by a series of court-appointed attorneys prior to sentencing, though it is unclear why counsel kept getting replaced. (*See id.* Ex. 2, Dkt. 12-2, at 5:21–25; *id.* Ex. 5, Dkt. 12-5, at ECF 7.) The Richmond County DA's Office offered Petitioner a reduced plea for Attempted Criminal Possession of a Weapon in the Second Degree in violation of Penal Law § 110/265.03, which Petitioner accepted on July 21, 2014. (*Id.* Ex. 2, Dkt. 12-2, at 2:13–3:23, 7:23–8:2, 10:2–11:14, 15:7–18:16.)

Prior to sentencing, on October 10 and 11, 2014, Petitioner filed several *pro se* motions requesting, *inter alia*, the withdrawal of his guilty plea, and the appointment of new counsel. (*Id.* Ex. 7, Dkt. 12-7, ¶ 29.). The state court assigned attorney Paul Capofari to assist Petitioner in making his motion to withdraw the guilty plea. (*Id.* ¶ 30.) Following his appointment as counsel, Mr. Capofari moved on Petitioner's behalf for, *inter alia*, recusal of the trial judge, Justice Stephen J. Rooney, and withdrawal of Petitioner's guilty plea. (*Id.* Ex. 3, Dkt. 12-3, at 2–5.) Justice Rooney denied both motions on March 13, 2015. (*Id.* Ex. 4, Dkt. 12-4, at 2:12–17.) Finding

Petitioner to be a persistent violent offender pursuant to New York Criminal Procedure Law § 400.16 and New York Penal Law §§ 70.02 and 70.04, Justice Rooney sentenced Petitioner to a term of twelve years to life.  (*Id.* at 5:11–16.)

On October 21, 2015, Petitioner filed a *pro se* petition pursuant to New York Criminal Procedure Law § 440.10, seeking to vacate his conviction.  (Resp't's Opp. Ex. 5, Dkt. 12-5, at ECF 1.)  After the § 440.10 petition was filed, Petitioner's former counsel, Mr. Capofari, was appointed as Chief Assistant District Attorney ("CADA") of the Richmond County DA's Office.  (Resp't's Opp., Dkt. 12, at 5.)  Due to the potential conflict from CADA Capofari's former representation of criminal defendants, the cases in which he had represented the criminal defendant were reassigned from the Richmond County DA's Office to lawyers in private practice.  (*Id.*)  In Petitioner's case, Justice Rooney appointed Mr. Tormey, a criminal defense attorney in private practice,[2] to serve as an SDA with respect to Petitioner's § 440.10 petition.  (*Id.* at 5, 19; *id.* Ex. 6, Dkt. 12-6, at 1.)  SDA Tormey has represented Respondent in this case since his appointment in April 2016.  (Resp't's Opp., Dkt. 12, at 5–6.)

On February 6, 2019, the Second Department affirmed Petitioner's conviction, finding that the trial court "providently exercised its discretion in denying [Petitioner]'s motion to withdraw his plea of guilty."  *People v. Walker*, 93 N.Y.S.3d 403, 404 (App. Div. 2019).  On May 15, 2019, the New York Court of Appeals denied Petitioner leave to appeal.  *See People v. Walker*, 33 N.Y.3d 1036 (N.Y. 2019) (unpublished table decision).

---

[2] Prior to working in private practice, SDA Tormey served as an Assistant District Attorney in the Manhattan DA's Office.  Before his assignment to Petitioner's § 440.10 petition, SDA Tormey had not had any prior contact with Petitioner or association with the Richmond County DA's Office.  (Resp't's Opp., Dkt. 12, at 19, 21, 23.)

## II.    The Instant Action

Petitioner filed the instant habeas petition on May 26, 2020.  (*See generally* Pet., Dkt. 1.)

On May 29, 2020, the Court directed "[t]he Attorney General of the State of New York or the

District Attorney of Richmond County, as attorney for Respondent," to show cause within 60 days

why a writ of habeas corpus should not be issued.  (5/29/2020 Docket Order.)  On July 14, 2020,

SDA Tormey requested permission to appear in this matter "in the place and stead of the [DA] of

Richmond County."  (*See* Resp't's Ext. Mot., Dkt. 5.)  The Court granted that motion (7/15/2020

Docket Order), and SDA Tormey entered a notice of appearance on Respondent's behalf (Dkt. 6).

On July 29, 2020, Petitioner asked to stay this matter pending his filing of a motion to

vacate his state court conviction (*see* July 29, 2020 Letter, Dkt. 7), which the Court granted

(8/2/2020 Docket Order).  This matter is currently stayed pending the resolution of Petitioner's

state-court motion.  (*See* 8/2/2020, 12/28/2020, 1/19/2021 Docket Orders.)

On August 17, 2020, Petitioner filed a letter objecting to SDA Tormey's July 14, 2020

request to represent Respondent in this action (Pet'r's Mot., Dkt. 11), which the Court had granted

on July 15, 2020 (7/15/2020 Docket Order).  The Court construed that letter as a motion to

disqualify counsel, and directed SDA Tormey to respond.  (*See* 8/24/2020 Docket Order.)

## LEGAL STANDARD

"[A] motion to disqualify is committed to the sound discretion of the district court."  *Weiss

v. Cty. Univ. of N.Y.*, No. 17-CV-3557 (VSB), 2019 WL 5891894, at \*4 (S.D.N.Y. Nov. 10, 2019)

(internal quotations omitted) (quoting *First NBC Bank v. Murex, LLC*, 259 F. Supp. 3d 38, 56

(S.D.N.Y. 2017)).  "The authority of federal courts to disqualify attorneys derives from their

inherent power to 'preserve the integrity of the adversary process.'"  *Hempstead Video, Inc. v. Inc.

Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d

1241, 1246 (2d Cir. 1979)).  Because "[d]isqualification of a party's lawyer invades the sanctity

of the attorney-client relationship," such disqualification "is disfavored in the Second Circuit." *Goodwine v. Lee*, No. 10-CV-6019 (VB) (LMS), 2014 WL 4377855, at *2 (S.D.N.Y. Sept. 3, 2014) (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983)); *see also Georges v. Peters*, No. 10-CV-7436 (VB), 2012 WL 336153, at *2 (S.D.N.Y. Feb. 1, 2012) ("Motions to disqualify counsel are generally viewed with disfavor because disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and because disqualification motions are often interposed for tactical reasons." (citing *Nyquist*, 590 F.2d at 1246)). "[T]he movant must [thus] meet a high standard of proof to disqualify the non-movant's counsel." *Ello v. Singh*, No. 05-CV-9625 (KMK), 2006 WL 2270871, at *2 (S.D.N.Y. Aug. 7, 2006) (citation omitted).

Disqualification is warranted only if "an attorney's conduct tends to taint the underlying trial." *Giambrone v. Meritplan Ins. Co.*, 117 F. Supp. 3d 259, 267 (E.D.N.Y. 2015) (quoting *Hempstead Video*, 409 F.3d at 132). The Court's analysis of a motion to disqualify may be informed by "[t]he disciplinary rules governing lawyers in New York, or the standards set by the American Bar Association." *Id.* (citing *Nordwind v. Rowland*, 584 F.3d 420, 435 (2d Cir. 2009)). In the Second Circuit,

> disqualification has been ordered only in essentially two kinds of cases: (1) where an attorney's conflict of interest[] . . . undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation.

*Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764–65 (2d Cir. 1990) (alterations omitted) (quoting *Nyquist*, 590 F.2d at 1246).

## DISCUSSION

Petitioner argues that disqualification is warranted because (1) Mr. Tormey's initial appointment as SDA in 2016 was made "to cover up facts that would have revealed the arrest was

false"; (2) Justice Rooney's appointment as a judge was politically motivated; (3) since Petitioner's state court proceedings, Justice Rooney "was forced to resign" over allegations of corruption; and (4) the New York AG should represent Respondent to preserve the integrity of the habeas corpus proceedings. (Pet'r's Mot., Dkt. 11, at ECF 1–3.) Petitioner also attached to his motion, *inter alia*, several newspaper articles reporting on misconduct by Petitioner's arresting officer, and the resignation of Justice Rooney. (*See id.* Ex. A, Dkt. 11, at ECF 8–16; *id.* Ex. C, Dkt. 11, at ECF 23–33.) In response, SDA Tormey argues that disqualification is unnecessary because his appointment does not create prejudice arising from any demonstrated conflict of interest or a substantial risk of an abuse of confidence. (Resp.'s Opp., Dkt. 12, at 23, 24.)

The Court finds that disqualification is unnecessary and unwarranted here. Petitioner's arguments, which are largely conclusory, do not bear on either the existence of a conflict of interest or whether SDA Tormey would have privileged information such that it would "taint the underlying [proceeding]." *Giambrone*, 117 F. Supp. 3d at 267 (quoting *Hempstead Video*, 409 F.3d at 132).

First, Petitioner suggests no potential conflict of interest between SDA Tormey and either Petitioner or the Richmond County DA's Office. An attorney has an actual conflict of interest "when the attorney's and the [client]'s interests 'diverge with respect to a material factual or legal issue or a course of action, or when the attorney's representation of the [current client] is impaired by loyalty owed to a prior client.'" *United States v. Scarpaci*, 731 F. Supp. 2d 341, 344 (S.D.N.Y. 2010) (quoting *United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004)); *see also United States v. Stein*, 410 F. Supp. 2d 316, 323 (S.D.N.Y. 2006) (evaluating whether "the interests of the [client] could place the attorney under inconsistent duties in the future" (quoting *Jones*, 381 F.3d at 119)). Here, SDA Tormey does not, and has never, represented Petitioner, and thus owes him no duty of

loyalty.  There is also no suggestion of a conflict of interest between SDA Tormey and Respondent. In fact, the reason the Richmond County DA's Office appointed SDA Tormey to represent Respondent in this action was to *eliminate* any conflict of interest that could have arisen from CADA Capofari's prior representation of Petitioner.[3]

Nor would disqualification of SDA Tormey be appropriate to prevent the use of any "privileged information concerning [Petitioner] through prior representation." *Bobal*, 916 F.2d at 764–65.  This form of disqualification "may be necessary if the attorney is actually or potentially in a position to use privileged information gained from a former client to the advantage of a current client." *Med. Diagnostic Imaging*, 542 F. Supp. 2d at 306.  Petitioner neither alleges nor points to any evidence that SDA Tormey actually has privileged information that relates to Petitioner or that SDA Tormey has received privileged information from any source, including from any representation prior to these proceedings.

Furthermore, Petitioner has failed to provide good reason to direct the New York AG to represent Respondent in this matter instead of the Richmond County DA's Office.  "Although the [AG] is served [in § 2254 cases], [s]he is not required to answer if it is more appropriate for some other agent to do so.'"  *Bryant v. Thomas*, No. 16-CV-1330 (RWS), 2016 WL 5372992, at *2 (S.D.N.Y. Sept. 23, 2016).  Here, the Richmond County DA's Office responded to the § 2254 petition, perhaps due to the "Office's greater and specialized knowledge of its cases."  *Id.*  The Court finds no reason to override that division of responsibilities, particularly as the DA's Office

---

[3] When a DA is disqualified from participating in an action in the discharge of his or her duties, New York County Law § 701 permits the disqualified DA to appoint a special district attorney.  An SDA appointed to remedy a disqualified DA "may be made for all purposes, including disposition," and "shall possess the powers and discharge the duties of the district attorney during the period for which he or she shall be appointed."  N.Y. County L. § 701(4).

has avoided any potential conflicts arising from Petitioner's former counsel's appointment as the CADA of the DA's Office by appointing SDA Tormey to represent Respondent in this case.

Finally, Petitioner's remaining allegations—the merits of which the Court declines to adjudicate—are immaterial to the present motion. Allegations of corruption by the state court judge do not bear on whether SDA Tormey has a conflict of interest or access to privileged information. (Pet'r's Mot., Dkt. 11, at ECF 3.) Nor do allegations of impropriety by Petitioner's arresting officer. (*Id.* at ECF 1–3.)

## CONCLUSION

For the foregoing reasons, Petitioner's motion for disqualification (Dkt. 11) is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 11, 2021
        Brooklyn, New York

8